IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES HENRY BARNETT, | ) | |
| ID # 1006993, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:05-CV-2280-G (BH) |
| | ) | ECF |
| NATHANIEL QUARTERMAN,[1] Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

### A. Nature of the Case

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his conviction in Cause No. F00-29503-J for indecency with a child. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

### B. Procedural History

On October 4, 2000, a jury convicted petitioner of indecency with a child, and petitioner was sentenced to fifteen years imprisonment. (Pet. Writ of Habeas Corpus (Pet.) at 2.) On July 29, 2002, the court of appeals affirmed the conviction. *Barnett v. State*, No. 05-00-01636-CR, 2002 WL 1740699, at *1 (Tex. App. – Dallas July 29, 2002, no pet.). Petitioner filed no petition for discretionary review. *See Barnett v. State*, No. 05-00-01636-CR, http://www.courtstuff.com/FILES /05/00/05001636.HTM (docket sheet information generated July 12, 2006) (Official internet site

---

[1] On June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice - Correctional Institutions Division. The Court thus substitutes him for Douglas Dretke. *See* Fed. R. Civ. P. 25(d)(1).

of the Court of Appeals for the Fifth District of Texas at Dallas).  The court of appeals issued its mandate on November 7, 2002.  *See id.*

On September 24, 2002, petitioner filed a state application for writ of habeas corpus.  (Pet. at 3.)  On November 27, 2002, the Court of Criminal Appeals dismissed that application because petitioner's direct appeal remained pending when he filed the application.  *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=1911555 (accessed July 27, 2006).  On March 24, 2003, petitioner filed a second state application for writ of habeas corpus, (Pet. at 4), that the Court of Criminal Appeals denied on June 18, 2003, *see* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2123395 (accessed July 27, 2006).

Petitioner filed the instant federal petition on November 15, 2005, when he placed it in the prison mail system.  (Pet. at 9); *see also Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).  He claims that he has evidence to rebut testimony that the alleged crime took place in an "18 wheeler" because company documents prove he had no "18 wheeler" in his care during the relevant time period, and that such evidence will also discredit his coerced confession.  (Pet. at 7.) He also claims that his conviction is the result of a conspiracy, and that he has new evidence that the charges were filed by his ex-wife in retaliation for extra-marital affair that resulted in a child to be born in April 2000.  (*Id.*) He lastly claims that his conviction resulted from a failure to hire an investigator.  (*Id.* at 8.)

On January 6, 2006, the Court received a supplemental document related to the petition filed in this action.  Petitioner has thereafter filed numerous documents with the Court.

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions

for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Instead, he bases this petition, at least in part, on alleged newly discovered evidence that became known after his conviction became final. Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

In this case, petitioner appealed his conviction but filed no petition for discretionary review (PDR). The state conviction therefore becomes final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.*, thirty days after the appellate court rendered its judgment on July 29, 2002. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (rejecting reliance upon the date of mandate and relying on TEX. R. APP. P. 68.2 for the thirty day period to file a PDR). Petitioner's state judgment of conviction thus became final on August 28, 2002. With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief also became known or should have become known with

3

the exercise of due diligence prior to the date petitioner's state judgment of conviction became final on August 28, 2002. Although petitioner asserts that he has newly discovered evidence to rebut trial testimony and to support a claim of retaliatory accusations, such evidence was available to petitioner prior to his conviction in October 2000. At the time of trial, petitioner knew or should have known the factual bases for his claims that he had no eighteen wheeler in his care, that his confession was coerced, and that the charges were asserted in retaliation for the birth of his child in April 2000. At the time of trial, petitioner also knew or should have known the factual bases for his conspiracy claim and his claim of inadequate investigation.

Accordingly, a literal application of § 2244(d)(1) renders petitioner's November 15, 2005 filing untimely because it was filed more than one year after his conviction became final.

## III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which a properly filed state habeas application was pending before the Texas state courts. *See also, Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

Because the Texas Court of Criminal Appeals dismissed petitioner's first state petition due to his pending appeal, petitioner did not properly file such petition so as to invoke the statutory tolling provision of 28 U.S.C. § 2244(d)(2). *See Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir. 2004) (holding that a state application for writ of habeas corpus that is erroneously accepted by a court which lacks jurisdiction over the writ is not properly filed); *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000) (holding that the Texas Court of Criminal Appeals has no jurisdiction over

a state writ until the direct appeal is final).  Petitioner did not properly file a state application until March 24, 2003.

When petitioner filed his second state petition, 208 days had elapsed since his conviction became final on August 28, 2002.  The filing of his second petition, nevertheless, tolled the statute of limitations until the Court of Criminal Appeals denied the petition on June 18, 2003.  The AEDPA clock began to run again on June 19, 2003, and the remaining time in the statutory period of limitations elapsed in November 2003.  By the time petitioner filed the instant federal petition on November 15, 2005, the statutory period of limitations had already expired.  He is therefore not entitled to statutory tolling.  Further, nothing in the petition indicates that rare and exceptional circumstances warrant equitable tolling.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling); *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same).  Although petitioner may claim to be actually innocent of the crime for which he has been convicted, (*see* Pet. at 7 (indicating that "[n]o crime ever was committed"); Prayer for Acquittal received June 22, 2006 (same)), a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent", *see Felder v. Johnson*, 204 F.3d 168, 171 & n.8 (5th Cir. 2000).  Petitioner, furthermore, has not shown that he is actually innocent.  In any event, a petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief." *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).  Petitioner has not diligently pursued federal habeas relief.

Because neither statutory nor equitable tolling save petitioner's November 2005 filing, the filing falls outside the statutory period of limitations and should be deemed untimely.

### III.  EVIDENTIARY HEARING

Based upon the information before the Court, the instant action is untimely and an evidentiary hearing appears unnecessary.

5

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.  It is further recommended that the District Court **DENY** all pending motions.

**SIGNED this 31ˢᵗ day of July, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE